In an action to recover no-fault benefits under a policy of automobile insurance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Farga, J.), entered February 10, 2012, as granted the plaintiffs’ motion for summary judgment on the first cause of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs’ submissions included a postal receipt indicating that the prescribed NF-5 statutory billing form corresponding to the no-fault claim at issue, and related documents, were received by the defendant on May 26, 2011. The person who mailed the NF-5 form averred, in support of the plaintiffs’ motion, that the defendant neither paid nor properly denied the claim within 30 days. This initial showing was sufficient to demonstrate the plaintiffs’ prima facie entitlement to judgment as a matter of law on the first cause of action (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2d Dept 2013]). In opposition, the defendant failed to raise a triable issue of fact as to whether it timely paid or denied the claim, or requested additional verification within the time frame set forth in the no fault regulations (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]).
Accordingly, the Supreme Court properly granted the plaintiffs’ motion for summary judgment on the first cause of action. Mastro, J.E, Chambers, Hall and Lott, JJ., concur.